IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 5, 2020 Session

## STATE OF TENNESSEE v. QUINTON DEVON PERRY

**Appeal from the Circuit Court for Madison County**
**No. 18-502     Donald H. Allen, Judge**

---

### No. W2019-01553-CCA-R3-CD

---

Defendant-Appellant, Quinton Devon Perry, entered guilty pleas to eighteen counts of aggravated sexual exploitation of a minor, a Class C felony, and six counts of aggravated sexual exploitation of a minor where the number of exploitive materials exceeded twenty-five, a Class B felony under Tennessee Code Annotated sections 39-17-1004(a)(1) and (2). The trial court ordered partial consecutive sentencing and imposed an effective sentence of eighteen years' imprisonment. In this appeal as of right, the Defendant argues the trial court erred in applying certain enhancement factors and in imposing partial consecutive sentencing. Upon review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed.**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and J. ROSS DYER, J., joined.

George Morton Googe, District Public Defender, and Kendall F. Stivers, Assistant Public Defender, for the Defendant-Appellant, Quinton Devon Perry.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On July 2, 2018, the Defendant was indicted by the Madison County Grand Jury for twenty-four counts of aggravated sexual exploitation of a minor. Counts one through seven of the indictment, Class B felonies, alleged the Defendant "did knowingly promote, sell, distribute, transport, purchased or exchange material, which includes a minor engaged in sexual activity or simulated sexual activity that is patently offensive and where the number of materials involved is greater than twenty-five (25), in violation of [Tennessee Code

Annotated section 39-17-1004][.]" See Tenn. Code Ann. §39-17-1004 (a)(4) ("A violation of this section is a Class C felony; however, if the number of individual images, materials, or combination of images and materials that are promoted, sold, distributed, transported, purchased, exchanged or possessed, with intent to promote, sell, distribute, transport, purchase or exchange, is more than twenty-five (25), then the offense shall be a Class B felony."). Counts eight through twenty-four, Class C felonies, alleged violations of the same statute but did not identify the number of materials involved in the offense. Each count of the indictment alleged the timeframe for the offense as "on or about 2016 through 2017." On June 17, 2019, the Defendant entered an "open" or "blind" guilty plea to the indictment as charged. The factual basis in support of the guilty plea provided:

> [On] August 2, 2017, the National Center for Missing and Exploited Children provided the Jackson Police Department crimes against children unit with a tip for a follow[-]up investigation. It revealed information from a report submitted by Dropbox, Incorporated, which I'm not sure if Your Honor is familiar with, but it's an online file sharing program. The information - - -
>
> . . . .
>
> Dropbox, Incorporated sent information to the National Center of Missing and Exploited Children that the user Quinton Perry's email king.quinn600@gmail.com had utilized an IP address of 107.129.119.54 and had uploaded 174 image files of material believed to be child pornography or child erotica. The report provided the investigators with the file names and images of the files uploaded to Dropbox. Investigator Kerry Hart reviewed the image video files submitted with the report. Each uploaded file contained a still image or video. Investigator Hart concluded that the files depict children under the age of 18 years old engaged in sexual acts and posing nude and /or lascivious presentation of children's genitalia.
>
> Your Honor, the file names for the videos and images also indicated it was some type of child pornography based on making reference [to] the children's ages.
>
> Your Honor, the investigator reviewed the images and found that they showed children performing oral sex on adult male individuals, the adult males rubbing their penis on the vagina of infant child and an adult males' penis penetrating the vagina of a child eight years or younger and then a six[-]year[-]old and other children engaged in sexual acts with each other.
>
> Your Honor, at that time the investigator sent a preservation request to Dropbox, Incorporated and requested they preserve all of the information

pertaining to that Dropbox account. She sent the same information to AT&T U-verse requesting the user information for the IP address that was associated with the account being saved as well. It was later determined that the IP address was an email belonging to a Quinton Perry.

Your Honor, at the time his last known address was [] at which they found out was where his grandparents reside. On [February 13, 2018] the Jackson Police investigator spoke with [the Defendant] at his current residence at the time which was []. He was informed of his rights and did give a statement at that time which Your Hoor previously mentioned and listened to as part of the Motion to Suppress. In that statement [the Defendant] did admit to - - stated that he has a problem where he enjoys looking at young girls/children for sexual pleasure. He informed [t]he investigators that he downloaded images and videos of children committing sexual acts to another person and/or touching their naked bodies in a sexual manner. He informed investigators that he uploaded this child pornography to his Dropbox account and shared or traded the images and videos electronically with other people. He did advise that he downloaded and uploaded this pornography while he was residing at his grandparent's house here in Madison County here at [grandparent's address] and it took place during the years 2016 and 2017.

On June 27, 2019, the State filed a motion for consecutive sentencing, asserting that the Defendant was an offender whose record of criminal activity was extensive and citing State v. Daryl Adrian Benjamin Ingram, No. W2002-00936-CCA-R3-CD, 2003 WL 721704 (Tenn. Crim. App. Feb. 26, 2003), for the proposition that the trial court could consider the offenses for which a defendant is being sentenced in determining whether he has an extensive record of criminal activity. On July 29, 2019, the trial court conducted a sentencing hearing. A presentence report, admitted into evidence by the State without objection, showed that the Defendant was twenty-two years old, had graduated from high school in 2016, and was unmarried. The Defendant had no criminal history and no prior arrests. Under the health information section, the Defendant shared that he had "first drank alcohol at the age of seventeen but only drinks on occasion and listed his longest period of sobriety as two years." He had previously "'tried' marijuana at the age of fifteen, but only smoked one blunt occasionally." He had stopped using marijuana "two years ago." The Defendant reported that his prior use of alcohol and marijuana had "not caused him any problems." The "agency statement" section of the presentence report noted as follows:

[The Defendant] stated to "investigators that he has a problem where he enjoys looking at young girls (children) for sexual pleasure. He informed investigators that he downloads images and videos of children committing

sexual acts to another person and/or presenting and/or touching their naked bodies in a sexual manner. He informed investigators he uploaded this child pornography to his Dropbox account and shared/traded the images and videos electronically with other people. [The Defendant] advised he downloaded, uploaded and shared this child pornography at . . . while he lived there with his grandparents in 2016 and 2017.

At the time of his arrest, the Defendant was living in a rental house with two roommates. He had previously lived with a family in Bolivar, Tennessee, and prior to that arrangement, he lived with his grandparents in Jackson, Tennessee. The Defendant reported a "pretty normal childhood" and a good relationship with his grandparents who had raised him from the age of six. The Defendant began "roofing" with his grandfather at age thirteen, and he also reported employment at fast-food eateries and a nursing home. He had served in the Air Force ROTC from 2013 through 2014; however, he quit at age sixteen. The report noted that the Defendant was evaluated and assessed with the STRONG-R assessment tool and received a score of "low," which indicated a low risk of recidivism.

The Defendant testified that he was twenty-two years old, that he had been in-custody for fourteen months, and that he had never been in any legal trouble as a juvenile or an adult. He moved out of his grandparents' home following graduation from high school to live on his own. He said he had worked or held a job since he was sixteen and discussed his work history. He acknowledged that he was untruthful when he was initially asked about the instant offense, but he eventually told the investigator in the same interview the truth. Although he admitted that he would benefit from help, he said he had stopped viewing the images on his phone and had deleted them several months before his interview with the investigators. He acknowledged that he could not receive probation for his offenses, that he anticipated going to prison, and that he would be required to comply with the sex offender registry upon release. He asked the trial court to impose a concurrent term of imprisonment. The Defendant's mother, Kwana Barnett, also testified and corroborated the Defendant's testimony concerning his family, education, and work history. She said that except for being "mouthy" the Defendant had never been in any trouble and asked the trial court to impose the minimum sentence. Asked if upon release the Defendant would be "taken back into the family," she replied, "He's in the family now. That will never change."

Based on its June motion for consecutive sentencing, the State argued for the trial court to impose consecutive sentencing given the facts and circumstances of this case. Specifically, the State asked for two of the Class B felony convictions of aggravated sexual exploitation of a minor to run consecutively, a concurrent term for the remaining counts, and a minimum sentence of sixteen years to serve in prison. Defense counsel argued

generally that the Defendant qualified as an especially mitigated offender and that consecutive sentencing was not warranted. In sentencing the Defendant, the trial court applied two enhancement factors: (1) that the Defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; and (2) that the Defendant was a leader in the commission of an offense involving two (2) or more criminal actors. See Tenn. Code Ann. §40-35-114(1), (2). In doing so, the trial court imposed a sentence of nine years' imprisonment for counts one through six and a sentence of four years' imprisonment for counts seven through twenty-four. The trial court also determined that the Defendant was an offender whose record of criminal activity was extensive, see Tenn. Code Ann. § 40-35-115 (2), and imposed a partial consecutive sentence. The trial court ordered a concurrent term of nine-years imprisonment in counts one, two, and three, a concurrent nine-year term of imprisonment in counts four, five, and six and counts seven through twenty-four. The trial court ordered the nine-year concurrent term for counts four, five, six and counts seven through twenty-four to be served consecutively to the nine-year concurrent term for counts one through three, for an effective sentence of eighteen years' imprisonment. The Defendant timely appealed the sentencing order, and his case is now properly before this court for review.

## ANALYSIS

The Defendant makes a two-fold challenge to the sentence imposed by the trial court. His primary argument is that the trial court erred in imposing a partial consecutive sentence based upon the Defendant having a record of "extensive criminal activity" because "[n]othing in the record indicates that the 24 counts to which [the Defendant] pleaded [guilty] did not occur simultaneously." He further contends that "these offenses – aggravated sexual exploitation—provide by statute that the State may indict in separate counts for each individual exploitative material, creating a false impression of sustained, extensive criminal activity." Given these errors, the Defendant asks this court to reverse the imposition of consecutive sentencing and remand this matter for entry of judgments reflecting concurrent sentencing.

Secondarily, the Defendant submits the trial court erred in enhancing his sentencing range. He argues enhancement factor (2), that the Defendant was a leader in the commission of an offense involving two (2) or more criminal actors, was inapplicable to his sentence because involvement of more than one person is an essential element of the underlying offense and because he was not the "leader of two or more actors" as contemplated for this enhancement factor. He additionally argues enhancement factor (1), that the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range, was inapplicable as his admission to smoking marijuana or consuming alcohol while underage did not constitute criminal behavior "in addition to those necessary to establish the range" because a court

- 5 -

may not consider non-adjudicated criminal behavior that occurred while the person was a juvenile. See Tenn. Code Ann. §40-35-114(1), (2).

In response, the State contends the order of consecutive sentencing imposed by the trial court was proper. The State maintains consideration of the Defendant's admitted use of marijuana and his "twenty-four felony convictions for uploading 174 photographs and video files . . . are sufficient to support a finding that he had an extensive criminal record." The State acknowledges the record "does not state specific dates when the files were uploaded." Nevertheless, the State argues "the intent of the legislature is that a defendant be held accountable for each individual item of child pornography, regardless of the time span over which the images came into the defendant's possession." Accordingly, because the record showed the Defendant uploaded the image or video files to his Dropbox account and shared them with other child pornography enthusiasts, the State insists the trial court did not abuse its discretion in imposing partial consecutive sentencing. The State also argues that the trial court properly applied enhancement factors (1) and (2), and that any error in applying these factors was harmless because the record fully supports application of other enhancement factors including enhancement factor (4), that a victim of this offense was particularly vulnerable because of age, and enhancement factor (7), that the offenses in this case were committed to gratify the Defendant's desire for pleasure or excitement. See Tenn. Code Ann. §40-35-114(4), (7).

This court reviews challenges to the length of a sentence under an abuse of discretion standard, granting a presumption of reasonableness to within-range sentences that reflect a proper application of the purposes and principles of our Sentencing Act. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). We will uphold the sentence so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute. Bise, 380 S.W.3d at 709-10. The abuse of discretion standard, accompanied by a presumption of reasonableness, also applies to consecutive sentencing determinations. State v. Pollard, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of seven categories enumerated in section Tennessee Code Annotated section 40-35-115(b). Tenn. Code Ann. §40-35-115(a), (b) ("Where a defendant is convicted of one or more offenses, the trial court generally has discretion to decide whether the sentences shall be served concurrently or consecutively."); see also State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995). As relevant here, section (b)(2) provides for consecutive sentencing upon a determination that "the defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115 (b)(2). Finally, consecutive sentences should not be routinely imposed, and the aggregate maximum of consecutive terms must be "justly deserved in relation to the seriousness of the offense," and "no greater than that deserved for the offense

committed." Tenn. Code Ann. § 40-35-102(1); see State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002).

In determining consecutive sentencing, the trial court stated as follows:

> I also consider the presentence report and the defendant's physical and mental condition which, you know, he admits to this serious child pornography problem. I consider the facts and circumstances surrounding the offenses and primarily I'm looking at the number of images that he had downloaded, 174 either photographs or videos involving child pornography which is extensive. It's a large number of documents and items that he possessed. I do give great weight to that.

> I do find under T.C.A. 40-35-115 that his record of criminal activity is extensive based upon the number of convictions and the number of offenses he's committed and the number of offenses he's pled guilty to. I do find that to be extensive.

> I also consider the fact that he not only possessed these, but apparently he shared and traded a lot of these child pornography videos and pictures with other individuals. You know, I do take that into consideration as part of the facts and circumstances of this case. For those reasons I'm going to order that Counts 1, 2, and 3 be served concurrently as a group, but then Counts 4, 5, 6 and also Counts 7 through 24 will be served concurrently as a group, but will be served consecutive to Counts 1, 2, and 3. So he'll have a total effective sentence of 18 years to serve in the Tennessee Department of Corrections at 100 percent violent sexual offender status.

In challenging the trial court's basis for imposing consecutive sentencing, the Defendant acknowledges State v. Cummings, 868 S.W. 2d 661, 667 (Tenn. Crim. App. 1992), "for the premise that a court may use the indicted cases before it when determining whether a record of criminal activity was extensive." The Defendant points out however that Cummings did not explicitly hold that a court may use the indicted cases before it when determining extensive criminal activity and that Cummings provided no guidance as to what, in fact, is considered "extensive" for purposes of section 40-35-115(b)(2). The State, in contrast, cites Cummings in support of the trial court's consecutive sentencing order and maintains that the Defendant's admitted marijuana use was properly considered by the trial court as extensive criminal activity.

In Cummings, the defendant was originally charged with eighty counts of fraudulently obtaining a controlled substance from various pharmacies from June to

December 1989. After significant negotiations, the defendant entered a proposed plea agreement which included that his sentence be served in the community corrections program. Cummings, 868 S.W.2d at 662. After twice rejecting the proposed plea agreement, the trial court imposed consecutive sentencing and split confinement. Id. at 667. The defendant appealed to this court, seeking review of, inter alia, the trial court's denial of his sentence to be served fully in community corrections. In denying relief, the Cummings court stated without analysis that the defendant met the criteria for section (b)(2) and that the trial court imposed only partial consecutive sentencing. Cummings, 868 S.W.2d at 667.

To further bolster his position that section (b)(2) is not supported here, the Defendant points to subsequent cases of this court interpreting Cummings to require consideration of "the span of time and geographical reach of the multiple offenses in calculating 'extensive' criminal activity to uphold consecutive sentencing based solely on the indicted offenses (rather than prior offense[s])." See State v. Christopher Blockett, No. 02C01-9509-CC-00258, 1996 WL 417659, at *8 (Tenn. Crim. App. July 26, 1996) ("Clearly, consecutive sentencing on th[e] basis of Tenn. Code Ann. § 40-35-115(b)(2) in the manner endorsed in Cummings and [Earl Lamont Mallard v. State, No. 02C01-9412-CC00291, 1995 WL 437490, at *1 (Tenn. Crim. App. July 26, 1995)] depends on the facts and circumstances of the offenses *and* the time span involved in committing the offenses." (emphasis added)); see also State v. Kenneth Michael McIntosh, No. E2017-01353-CCA-R3-CD, 2018 WL 2259183, at *6 (Tenn. Crim. App. May 17, 2018) (finding no abuse of discretion in relying on the volume and duration of sexual abuse when ordering the defendant to serve consecutive sentences); State v. Daniel Ray Prince, No. M2012-02488-CCA-R3CD, 2013 WL 2447859, at *1 (Tenn. Crim. App. June 6, 2013)(upholding consecutive sentencing order based upon proof that the defendant had committed church burglaries in five different counties at the time of sentencing); State v. Dennis Harry Johnson, No. M2000-03047-CCA-R3-CD, 2001 WL 1218601, at *1, *4 (Tenn. Crim. App. Oct. 12, 2001) (upholding order of consecutive sentencing in child pornography case based upon "relationship between the defendant and the victim in the videos and the extended period of time that the defendant had been involved in procuring child pornography"). The State responds that Christopher Blockett was prior to the enactment of the 2005 amendments to the Sentencing Act of 1989, which gave trial courts broad discretion to order consecutive sentencing, "even without regard to the time span over which the materials were uploaded." While the 2005 amendments to the Sentencing Act of 1989 certainly provided the trial court with broad discretion as argued by the State, such discretion is not absolute. The trial court must support consecutive sentencing determinations with proof in the record, which remains guided by the factors set out in Tenn. Code Ann. Section 40-35-115. In the author's view, the State's interpretation of Cummings and its progeny would render application of Tenn. Code Ann. Section 40-35-115(b)(2) obsolete. Accordingly, while I would decline to offer a precise definition of

"extensive" for purposes of section (b)(2), I would conclude, consistent with <u>Cummings</u> and its progeny, that consideration of consecutive sentencing based on section 40-35-115(b)(2) depends on the facts and circumstances of the offenses *and* the time span involved in committing the offenses.

In my view, the record in this case does not support the trial court's determination that the Defendant had an extensive record of criminal activity to justify its application of section (b)(2). <u>See</u> <u>State v. Allen Doane,</u> No. E2008-00125-CCA-R3-CD, 2009 WL 21032 (Tenn. Crim. App. Jan. 5, 2009) (concluding that section (b)(2) did not justify consecutive sentences because "we [could] not conclude that uncharged acts constitute 'an extensive record of criminal activity'"). The record shows the trial court justified consecutive sentencing based solely upon the number of convictions to which the Defendant pleaded guilty without consideration of the pervasiveness of the Defendant's illegal behavior. There is no question that the Defendant knowingly transferred or exchanged 174 images of child pornography as charged in the multiple count indictment. While this conduct was repulsive and repugnant, there was no proof in the record that the Defendant engaged in a continuous course of downloading or uploading the materials for the year long period alleged in each of the twenty-four counts of the indictment. In other words, the Defendant could have engaged in a single electronic transfer to facilitate the download/upload of all 174 images of child pornography. Surprisingly, other than the Defendant's statement of admission, which was not admitted as an exhibit to the hearing, the record is devoid of any proof concerning how the Defendant came to transfer of the illegal material or the extent to which it was exploited.

Moreover, the Tennessee Legislature has expressly demonstrated its intent to penalize individuals based upon the number or amount of child pornography in their possession through the sexual exploitation statutes. The number of convictions to which a defendant pleads guilty cannot also serve as "extensive criminal activity" here because the sexual exploitation statutes permit an individual to be charged in a separate count for each individual image of child pornography possessed by the defendant. These statutes further provide for enhancements in the classification of the offense based upon the number of child pornography materials possessed or distributed by an individual. <u>See</u> Tenn. Code. Ann. 39-17-1003(b), (d), -1004(a)(2). As such, the number of convictions to which a criminal defendant charged with a sexual exploitive offense very well may be a function of how the State charges each case rather than evidence of continuous and extensive illegal behavior to justify application of section (b)(2). Finally, without belaboring the issue, the Defendant's candid admission in the health section of the presentence report to having "tried" marijuana at age 15 and stopped "two years ago" is wholly insufficient proof to qualify as a record of extensive criminal behavior to justify consecutive sentencing.

Because the record does not establish that the Defendant had a record of extensive criminal activity, I would have concluded that the trial court abused its discretion in ordering partial consecutive sentencing. I would have vacated the order of consecutive sentencing and remanded for entry of judgments reflecting concurrent sentencing. The majority of the panel, Judges Williams and Dyer, nevertheless, agree with the State, and do not believe the trial court abused its discretion in determining that the Defendant had a record of extensive criminal history. As such, the trial court's consecutive sentencing determination stands.

Upon review of the Defendant's remaining claims, we all agree with the State, and conclude that any error in enhancing the Defendant's sentence based upon factors (1) and (2) was harmless. See Bise, 380 S.W.3d at 706 (noting that "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005"). As a Range I, standard offender convicted of a Class B felony, the Defendant was subject to a sentencing range of not less than eight (8) years and not more than twelve (12) years imprisonment. Tenn. Code Ann. §40-35-112(a)(2). The Defendant's nine-year sentence fell within the appropriate range, and the record shows the trial court carefully considered the evidence, the statutory enhancement and mitigating factors, and the purposes and principles of sentencing when imposing sentence. Accordingly, even assuming error, the trial court did not wholly depart from the sentencing act, and the Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE